GLIDEWELL *v.* STATE OF INDIANA.

[No. 26,638. Filed November 21, 1935.]

*Edgar M. Blessing,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Ralph E. Hanna,* Assistant Attorney-General, for appellee.

TREANOR, C. J.—Appellant was tried and convicted upon an affidavit charging that he did unlawfully employ minors in or about premises "where alcoholic spirituous beverages were being sold, furnished or given away, to be consumed on the premises" in violation of Acts 1935, ch. 226, p. 1056, §32(s), (§12-637, Burns Ind. St. Ann. Supp. 1936.) Appellant's motion for new trial was overruled and that ruling is the sole error assigned upon appeal. One of the grounds for new trial was that "the verdict of the jury is not sustained by sufficient evidence."

The appellee, state of Indiana, by its Attorney-General, has filed a confession of error in this court, admit-

ting that there is no evidence of the selling, furnishing or giving away of "alcoholic spirituous beverages," and confessing that the motion for new trial should have been sustained for the reason that the verdict of the jury is not sustained by sufficient evidence. Appellee points out that the uncontradicted evidence shows only that beer was being sold at defendant's place of business, where the minors in question were alleged to have been employed, and admits that there is no evidence from which so much as an inference reasonably could be drawn that "alcoholic spirtuous beverages" were being sold, furnished or given away. An examination of the evidence clearly discloses that beer was being sold and dispensed at the premises, but there is a total absence of any evidence concerning any alcoholic beverages other than beer.

To determine whether evidence that minors were employed where beer was sold, furnished or given away, will sustain the conviction we must look to the statutory definition of the offense charged. The offense charged in the affidavit is defined by the Liquor Control Act of 1935 (§12-637, Burns, etc., *supra*) as the employing of a minor "in or about the premises where alcoholic spirituous beverages are being sold, furnished or given away, to be consumed on the premises, or in the operation of said business of selling, furnishing or giving away alcoholic spirituous beverages to be consumed on the premises, where the same are sold, furnished or given away." The term "alcoholic spirituous beverages" is also defined by the Liquor Control Act:

" 'Alcoholic spirituous beverages' shall be construed to mean any beverage containing alcohol obtained by distillation mixed with drinkable water and other substances in solution and including among other things, brandy, rum, whiskey, and gin, but not including wines containing less than twenty-one (21) per cent of alcohol reckoned by vol-

ume; and, Provided further, That it does not include industrial alcohol." Acts 1935, ch. 226, p. 1056, §3(o), §12-303(o), Burns, etc., 1935.

The meaning to be given the term "alcoholic spirituous beverages" as used in the statutory offense created by the act, is the foregoing meaning given the term by the statutory definition. By terms of the statute beer is defined as follows:

"The words 'beer' or 'malt beverages,' whenever used in this act, shall be construed to mean any beverage obtained by the alcoholic fermentation of an infusion of decoction of barley malt or other cereals and hops in water, including among other things ale, stout, lager beer, porter and the like." Acts 1935, ch. 226, p. 1056, §3(b), §12-303(b), Burns, etc., 1935.

Since the statute expressly and definitely creates the two distinct classes of alcoholic beverages, i.e., alcoholic spirituous beverages and beer or malt beverages, and limits the offense involved in this prosecution to the employment of a minor in or about premises where one of the two distinct classes of alcoholic beverages is sold, the court cannot by forced construction create what in effect would be two offenses when the statute contemplates only one. We think the law applicable to this case is as set out in the Attorney-General's confession of error:

"Since the term 'alcoholic spirituous beverages' is given a particular and restricted meaning in the act by express definition of the Legislature itself, we must assume that such express meaning was intended to be attached to the use of the term in Section 32(s), *supra*, no clear intention to the contrary being apparent. If the Legislature had intended the provisions of Section 32(s) to apply to premises where *any beverages containing alcohol* were being dispensed, obviously it would have used the term 'alcoholic beverages' instead of 'alcoholic spirituous beverages,' since the former term is recognized by definition in the act itself as meaning

'all malt, vinous or spirituous beverages containing alcohol. . .' (Section 3(a), Chapter 226, *supra*.)"

The affidavit properly charges an offense. Since there was no evidence of the commission of the offense charged in the affidavit appellant's motion for new trial should have been granted. In view of the fact that on a new trial the state might produce evidence which would be sufficient to sustain a verdict of guilty under the affidavit, judgment is reversed with directions to sustain appellant's motion for new trial and for further proceedings not inconsistent with this opinion.